# Exhibit A



**Notice of Service of Process**

null / ALL
**Transmittal Number: 26191887**
**Date Processed: 01/11/2023**

| | |
|---|---|
| **Primary Contact:** | Julie Heine<br>Seyfarth Shaw LLP - Equifax<br>1075 Peachtree St NE<br>Ste 2500<br>Atlanta, GA 30309-3958 |
| **Electronic copy provided to:** | Beth Hope<br>Lisa Gonzalez<br>Kristin Zielmanski<br>Jessica Spurlock<br>Legal Department<br>Nadia Reynaga-Moreno<br>Eric Block<br>Janise Jordan<br>D'Khorvillyn Tyus<br>Deborah Fataki<br>Mackenzie Cole<br>Suzanne Alford<br>Adrienne Adams<br>Trent McNeill<br>Jennifer Fease<br>Dee Davis<br>Elisa Lyons<br>Rahshae El-Amin |

| | |
|---|---|
| **Entity:** | Equifax Information Services LLC<br>Entity ID Number  0635578 |
| **Entity Served:** | Equifax Information Services, LLC |
| **Title of Action:** | Michael Kozlowski vs. Equifax Information Services, LLC |
| **Matter Name/ID:** | Michael Kozlowski vs. Equifax Information Services, LLC (13459967) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | U.S. District Court, TX |
| **Case/Reference No:** | JP05-22-SC00005941 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/10/2023 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jaffer & Associates PLLC<br>214-494-1871 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**ORIGINAL CIVIL CITATION**

THE STATE OF TEXAS

TO:   EQUIFAX INFORMATION SERVICES, LLC
      ATTN CORPORATION SERVICE COMPANY
      211 E 7TH ST
      STE 620
      AUSTIN TX  78701



DEFENDANT, GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S PETITION BEFORE THE JUSTICE COURT, PRECINCT FIVE AT 350 WEST BELKNAP STREET ROOM 112-C FORT WORTH TEXAS  76196, SAID PLAINTIFF BEING

Michael Kozlowski                                          PLAINTIFF

AND SAID:

PROCOLLECT, INC.                                          DEFENDANT
S2 CAPITAL, LLC
EXPERIAN INFORMATION SOLUTIONS, INC.
EQUIFAX INFORMATION SERVICES, LLC

FILED NOVEMBER 09, 2022, FILE NO. JP05-22-SC00005941  SUED UPON: SEE PETITION ATTACHED, PLUS COURT COSTS.

PLAINTIFF RESERVES THE RIGHT TO PLEAD FURTHER ORALLY AT TIME OF TRIAL
*******************************************************************************************
NOTICE TO DEFENDANT

"YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT.  BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY.  YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT.  YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, COUNTY HOLIDAY, OR ON A DAY THAT THE COURT CLOSES BEFORE 5:00 P.M. YOUR ANSWER IS DUE ON THE NEXT BUSINESS DAY.  DO NOT IGNORE THESE PAPERS.  IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.  FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION."  UPON TIMELY REQUEST, NO LATER THAN 14 DAYS BEFORE THE DAY SET FOR TRIAL, AND PAYMENT OF A $22.00 JURY FEE, THIS CASE WILL BE HEARD BY A JURY."

*******************************************************************************************

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENTS OF LAW, AND THE MANDATES HEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS.

GIVEN UNDER MY HAND THIS 9TH DAY OF JANUARY, 2023.

SERGIO L DE LEON
JUSTICE OF THE PEACE, PRECINCT FIVE
TARRANT COUNTY, TEXAS

ORIGINAL SIGNED

BY: _____
        CLERK OF THE JUSTICE COURT

SHERIFF'S OR CONSTABLE'S RETURN

CAME TO HAND ON THE _____ DAY OF _____ A.D. _____, AT _____

O'CLOCK , ___ M. AND EXECUTED ON THE _____ DAY OF _____, _____ , AT

_____O'CLOCK , ____ M. BY DELIVERING TO _____

_____

_____

DEFENDANT, OR DEFENDANTS, IN PERSON A TRUE COPY OF THIS CITATION _____

_____

NOT SERVED AS TO THE FOLLOWING NAMED DEFENDANT FOR THE REASONS SET OPPOSITE NAME.

_____

_____

FEES-SERVING..... $ _____

      COP. ..... $ _____      \*SHERIFF / CONSTABLE,
                                          PRECINCT NO. _____

     TOTAL.....$ _____      _____ COUNTY, TEXAS

\* STRIKE IF NOT APPLICABLE      BY DEPUTY _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>ORIGINAL CIVIL CITATION</u>

IN THE JUSTICE COURT                  ISSUED JANUARY 09, 2023

SERGIO L DE LEON
JUSTICE OF THE PEACE, PRECINCT FIVE                     817-884-1438
350 WEST BELKNAP STREET ROOM 112-C         FAX    817-884-3323
FORT WORTH TEXAS 76196

CASE NO. JP05-22-SC00005941

PLAINTIFF(S):
    MICHAEL KOZLOWSKI              NO KNOWN ADDRESS
ATTORNEY(S) FOR PLAINTIFF(S):
    ROBERT PATRICK LEACH          5757 ALPHA RD STE 430        214-494-1871
                                    DALLAS TX 75240

                                         VS.

DEFENDANT(S):
    PROCOLLECT, INC.                 ATTN JOHN W BOWDICH
                                      8150 N CENTAL EXPRESSWAY STE 500
                                      DALLAS, TX 75206
    S2 CAPITAL, LLC                 ATTN SCOTT EVERETT
                                      5950 BERKSHIRE LANE STE 1300
                                      DALLAS, TX 75225
    EXPERIAN INFORMATION        ATTN CT CORPORATION SYSTEM
    SOLUTIONS, INC.                 1999 BRYAN STREET STE 900
                                      DALLAS, TX 75201
    EQUIFAX INFORMATION          ATTN CORPORATION SERVICE
    SERVICES, LLC                   COMPANY
                                      211 E 7TH ST STE 620
                                      AUSTIN, TX 78701
ATTORNEY(S) FOR DEFENDANT(S):

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
PPS                   JP05-22-SC00005941
        \*\*\*PLEASE ARRIVE 15 MINUTES BEFORE SCHEDULED COURT TIME\*\*\*
                \*\*\*NO SHORTS ALLOWED IN COURTROOM\*\*\*

## CAUSE NO.

| | |
|---|---|
| MICHAEL KOZLOWSKI,<br><br>     Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC., S2 CAPITAL, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>AND EQUIFAX INFORMATION SERVICES, LLC,<br>     Defendant(s). | **IN THE JUSTICE COURT**<br><br><br>**PRECINCT 5**<br><br><br>**TARRANT COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Plaintiff Michael Kozlowski ("Plaintiff"), by and through his attorneys, Jaffer & Associates, PLLC, and brings this *Original Petition* against Defendants ProCollect ,Inc., ("ProCollect"), S2 Capital, LLC, ("S2 Capital"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC, ("Equifax"), collectively referred to as ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PANEL

1.     Plaintiffs reserve the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### JURISDICTION & VENUE

2.     This Court has personal jurisdiction over all the parties because both parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

3.     Plaintiffs seek monetary relief within this Court's jurisdictional limits.

4.      Venue in Tarrant County, Texas is proper in this cause pursuant to Section 15.002 of the

Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions

giving rise to this lawsuit occurred in Tarrant County, Texas.

## PARTIES AND SERVICE

5.      Plaintiff is a resident of Tarrant County, Texas.

6.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. §

1681a(c).

7.      Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is allegedly obligated

to pay any debt.

8.      The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay any

money arising out of a transaction in which the money, property, or services which are the subject

of the transaction are primarily for personal, family, or household purposes.

**Experian Information Solutions, Inc.**

9.      Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined

by 15 U.S.C § 1681a(f) and may be served with process upon C.T. Corporation System, its

registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX, 75201.

10.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in

the business of assembling, evaluating and disbursing information concerning consumers for the

purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to

third parties.

11.     At all times material hereto, Experian disbursed such consumer reports to third parties

under a contract for monetary compensation.

**Equifax Information Services, LLC**

12.     Defendant Equifax is a consumer reporting agency under 15 U.S.C. § 1681a(f) and can be served with process upon Corporation Service Company, its registered agent for service of process at 211 E. 7th St., Ste 620, Austin, TX 78701.

13.     At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

15.     As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

**ProCollect, Inc.**

16.     Defendant ProCollect can be served with process through its registered agent John W. Bowdich, at 8150 N. Central Expressway, Suite 500, Dallas, TX 75206.

17.     Defendant ProCollect is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas.

18.     Defendant ProCollect is a person who engages in interstate commerce by using the telephone and mail in a business which the principal purpose is the collection of debts.

19.     Defendant ProCollect is a debt collector as defined under 15 U.S.C. § 1692(a)(6) because Defendant has engaged in direct or indirect debt collection against Plaintiff in Texas.

**S2 Capital, LLC**

20.     Defendant S2 Capital is a debt collector meaning a person who directly or indirectly engages in debt collection in the State of Texas.

21.     Defendant S2 Capital can be served with process through its registered agent Scott Everett, at 5950 Berkshire Lane, Suite 1300, Dallas, TX 75225.

22.     Debt Collection means an action, conduction, or practice in collecting, or in solicitation for collection, consumer debts that are due or alleged to be due to a creditor.

23.     Defendant S2 Capital is a "Debt Collector" as defined under Tex. Fin. Code Ann. §392.001(6) because Defendant has engaged in direct or indirect debt collection against the Plaintiffs in Texas.

## FACTUAL ALLEGATIONS

24.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

25.     Plaintiff was a resident at Maxwell Apartments and vacated the apartment in 2019.

26.     Plaintiff never received a final accounting statement, and his account was sent to collections with RentDebt Automated Collections, LLC ("RentDebt").

27.     Plaintiff received a settlement offer letter from RentDebt to resolve his account in exchange for payment of $1,058.64. See, "Exhibit A".

28.     In January of 2020, to resolve the account, Plaintiff executed payment in the amount of $1,058.64 to RentDebt in accordance with the settlement offer letter. See, proof of payment and delivery, "Exhibit B"

29.     Despite Plaintiff paying RentDebt in accordance with the settlement offer to resolve the account, Defendant S2 Capital placed the account with Defendant ProCollect to collect a Consumer Debt that no longer exists and to report the account as in collection on Plaintiff's credit report. See, "Exhibit C".

30.     Plaintiff has disputed this ProCollect account with ProCollect, Experian and Equifax.

31.     Equifax and Experian have conducted their reinvestigation and verified the false information as accurate. See, "Exhibit D".

32.     It is averred that Equifax and Experian forwarded Plaintiff's dispute to ProCollect and ProCollect conducted its investigation and certified the information as accurate to Equifax and Experian.

33.     Furthermore, S2 Capital appears to acknowledge Plaintiff's $1,058.64 settlement payment to RentDebt by decreasing the original balance by the settlement payment amount but has failed to resolve the account as stated in the letter and now states the account has a balance of $1,059.

34.     Regardless of Plaintiff's direct disputes, Equifax and Experian failed to conduct reasonable reinvestigations under the FCRA and reported erroneously information on Plaintiff's credit reports

35.     ProCollect has attempted and continues to attempt to collect an unauthorized amount from Plaintiff and continues to report false and erroneous information regarding the Plaintiff and for these reasons ProCollect has violated the FDCPA.

36.     S2 Capital has attempted to collect an unauthorized amount from Plaintiff and as such has violated the TDCA.

37.     As a result of Defendants conduct, Plaintiff has suffered injury to his credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration, and emotional distress.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.* as to Defendant ProCollect, Inc.

38.    Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

39.    Defendant ProCollect's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

40.    Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   (2)    The false representation of the character, amount, or legal status of any debt;

   (8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

   (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

49.    For the aforementioned-reasons, Defendant ProCollect has violated §§1692(e).

50.    Section §1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

   (1)    The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

51.    For the aforementioned-reasons, Defendant ProCollect has violated §§1692(f).

52.    For these reasons, Defendant ProCollect has violated the FDCPA.

53.    For these reasons, Defendant ProCollect is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 392 *et seq.* S2 Capital, LLC

62.    Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

63.    Defendant S2 Capital's debt collection efforts against Plaintiff violates the TDCA.

64.    Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

> (a)    misrepresenting the character, extent, or amount of a consumer debt.  Tex. Fin. Code Ann. §392.304(8); and

> (b)    using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

102. For the aforementioned-reasons, Defendant S2 Capital violated the TDCA when it attempted to collect an unauthorized amount from Plaintiff.

103. For these reasons, Defendant S2 Capital is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

65.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

66.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

---

67.    Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

68.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

> a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
> b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;
> c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;
> d.    The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;
> e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
> f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;
> g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;
> h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

69.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

70.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

71.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

72.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

73.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

74.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

75.    Experian violated 15 U.S.C. § 168li(a) by failing to delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

> a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
> b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;
> c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;
> d.    The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;
> e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
> f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;
> g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;
> h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

77.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78.     The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

79.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681(o).

80.     **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

81.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

82.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

83.     Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

84.     Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

        b.      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

        c.      The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

        d.      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

e.     The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

f.     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

g.     The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

h.     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

i.     The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

85.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

86.    The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

87.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

88.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax

89.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

90.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

Case 3:23-cv-00290-N   Document 1-2   Filed 02/09/23   Page 16 of 37   PageID 24

91.    Equifax violated 15 U.S.C. § 168li(a) by failing to delete inaccurate information from the

credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting

reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed

information in the credit file of the Plaintiff.

92.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply

with the Act include but are not necessarily limited to the following:

> b.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
> c.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;
> d.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;
> e.    The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;
> f.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
> g.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;
> h.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;
> i.    The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

93.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss

of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain,

anguish, humiliation, and embarrassment of credit denial.

94.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages

under 15 U.S.C. § 1681(o).

95.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681(o).

96.     **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff demands judgment from both Defendant as follows:

1.  Awarding Plaintiff statutory damages up to $1,000 under the FDCPA against Defendant ProCollect;

2.  Awarding Plaintiff actual damages under the FDCPA against Defendant ProCollect;

3.  Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the FDCPA against Defendant ProCollect;

4.  Awarding Plaintiff statutory damages up to $100 under the TDCA against Defendant S2 Capital;

5.  Award Plaintiff actual damages and injunctive relief pursuant to the TDCA against Defendant S2 Capital;

6.  Award Plaintiff reasonable attorneys' fees and costs as pursuant to the TDCA against Defendant S2 Capital;

7.  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

8.  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

9.  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

10. For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

11. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

12. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

13. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED: November 9, 2022

Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

*/s/Robert Leach*
**Shawn Jaffer**
State Bar No. 24107817
**Allen Robertson**
State Bar No. 24076655
**Robert Leach**
State Bar No. 24103582
**Phillip Pool**
State Bar No. 24086466
5757 Alpha Rd, Suite 430
Dallas, TX 75240
T: (214) 494-1871
F: (469) 669-0786
Email:   attorneys@jaffer.law
*Attorneys for Plaintiff*

---

Page **14** of **14**

**RentDebt Automated
Collections, LLC**
2802 Opryland Drive
Nashville, TN 37214
(844) 350-3433
Hours of Operation
Office hours M-Th 8:00 AM to 5:00 PM CST and
Friday 8:00 AM - 3:00 PM CST

EXHIBIT
A

ORIGINAL BALANCE:
**$2117.28**
SETTLE FOR:
**$1,058.64**

**50% SAVINGS**

## SETTLEMENT OFFER

What is your New Year's Resolution?  Start today by resolving your debt!

| | |
|---|---|
| RDAC ACCT # RD890625 | TOTAL BALANCE: $2117.28 |
| CREDITOR: Maxwell | SETTLEMENT AMOUNT: $1,058.64 |

*PAY 50% of your debt and owe nothing more!!*

To take advantage of this offer, we are asking you to contact our office within 14 days from the date of this letter at: (844) 350-3433.  RDAC representatives are ready to help you.  Please be advised that if you do not accept this offer and pay the amount of the settlement within 14 days from the date of this letter, we are not obligated to renew this offer.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

✂ --- ✂

To pay by credit card, please fill in the information below or return check with this payment slip:

Card Number _____  EXP Date _____ / _____

Card Holder Name _____  CVV _____

Signature _____  Amount Paid _____

RDAC Acct # RD890625
Total Balance: $2117.28
Settlement Amount: $1,058.64

**Remit Payment and Slip to:
RENTDEBT AUTOMATED
COLLECTIONS, LLC
PO BOX 171077
NASHVILLE TN 37217**

AMMTAXSI-0102-1304989858-00149-149

PLAINTIFF'S
EXHIBIT
B



## Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned"
  if the Cashier's Check is not cashed by a certain time
  - Please cash/deposit this Cashier's Check as soon as possible to
    prevent this from occurring
  - In most cases, the funds will be considered "abandoned"
    before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
  - Stop Payment can only be placed if the Cashier's Check
    is lost, stolen, or destroyed
  - We may not re-issue or refund the funds after the stop payment has
    been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check
  or for any other information about this item

FOR YOUR PROTECTION SAVE THIS COPY          Customer Copy

**CASHIER'S CHECK**                                    9456715567

01/13/2020
Void after 7 years

**Remitter:**   MIKE D KOZLOWSKI

$** 1,058.64 **

**Pay To The
Order Of:**   RENT DEBT

Memo:----------------------------------------
Note: For information only. Comment has no effect on bank's payment.

Drawer:  **JPMORGAN CHASE BANK, N.A.**
**NON NEGOTIABLE**



```
BARDIN ROAD
1301 E BARDIN RD
ARLINGTON, TX 76018-2130
4803325-0018
(800)275-8777
01/14/2020 04:31 PM

Product          Qty    Unit    Price
                        Price

First-Class Mail®  1    $0.55   $0.55
Letter
(Domestic)
(NASHVILLE, TN 37217)
(Weight:0 Lb 0.40 Oz)
(Estimated Delivery Date)
(FFriday 01/17/2020)
Certified                       $3.50
(USPS Certified Mail #)
(70182290001227785130)
Return Receipt                  $2.80
(USPS Return Receipt #)
(9590940247473442815981)

Total:                          $6.85

Debit Card Remit'd              $6.85
(Card Name:VISA)
(Account #:XXXXXXXXXXXX0980)
(Approval #:035)
(Transaction #:335)
(Receipt #:041603)
(Debit Card Purchase:$6.85)
(Cash Back:$0.00)
(AID:A0000000980840
(AL:US DEBIT)
(PIN:Verified)
                          Chip)
```



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RENT DEPT
PO BOX 171077
NASHVILLE, TN 37217

9590 9402 4747 8344 2815 98

2. Article Number (Transfer from service label)
7018 2290 0001 2278 5130

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Kathy Jan          ☐ Agent
                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Kathy Pools

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

```
7018 2290 0001 2278 5130

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

NASHVILLE TN 37217        0018
                          03
Certified Mail Fee  $3.50
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery  $
Postage                          $0.55
$
Total Postage and Fees
$            $6.85

Sent To RENT DEPT
Street and Apt. No., or PO Box No. PO BOX 171077
City, State, ZIP+4® NASHVILLE, TX 37217

Postmark
Here
01/14/2020
```

PLAINTIFF'S
EXHIBIT

C



# CREDIT REPORT

---

**MICHAEL KOZLOWSKI**

**Report Confirmation**

**2761970228**

# 10. Collections

Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

### Date Reported: Sep 07, 2022

| | | | |
|---|---|---|---|
| Collection Agency | PROCOLLECT INC | Balance Date | Sep 07, 2022 |
| Original Creditor Name | MAXWELL APARTMENTS S2 | Account Designator Code | INDIVIDUAL_ACCOUNT |
| Date Assigned | Apr 25, 2022 | Account Number | xxxxxxxxxxx 6397 |
| Original Amount Owed | $1,059 | Creditor Classification | Rental or Leasing |
| Amount | $1,059 | Last Payment Date | |
| Status Date | Sep 07, 2022 | Date of First Delinquency | Sep 26, 2017 |
| Status | UNPAID | | |

**Comments**

Consumer disputes – reinvestigation in progress

**Contact**

PROCOLLECT INC
12170 N ABRAMS STE 100
DALLAS, TX  75243
1-214-341-7788

Prepared For

## MICHAEL D KOZLOWSKI

**Personal & Confidential**

**Date Generated**

Sep 18, 2022

**Report Number**

1970-3128-73

## At a Glance

| 20 Accounts | 0 Public Records | 1 Hard Inquiries |
| --- | --- | --- |

## Personal Information

| 6 Names | 13 Addresses | 2 Employers | 5 Other Records |
| --- | --- | --- | --- |

Because your personal information is reported by you, your creditors, and other sources, it's typical to see small variations in reported personal information, like names and addresses. For security reasons, many of these items can't be disputed online, but don't worry—they don't affect your credit score.

---

### Names

| | | | |
| --- | --- | --- | --- |
| **MICHAEL D KOZLOWSKI**<br>Name ID #1 | **MICHAEL KOZLOWSKI**<br>Name ID #27839 | **MIKE D KOZLOWSKI**<br>Name ID #23614 | **MIKE KOZLOWSKI**<br>Name ID #12819 |
| **MIKE KOZOLOWSKI**<br>Name ID #2975 | **MICHEAL D KOZLOWSKI**<br>Name ID #29204 | | |

## PROCOLLECT,INC
Potentially Negative

### Account Info

| | |
|---|---|
| Account Name | PROCOLLECT,INC |
| Account Number | 574270XXXXXXXXXX |
| Account Type | Collection |
| Responsibility | Individual |
| Date Opened | 04/25/2022 |
| Status | Collection account. |
| Status Updated | Apr 2022 |
| Balance | $1,059 |
| Balance Updated | 09/01/2022 |
| Recent Payment | $0 |
| Monthly Payment | $0 |
| Original Balance | $1,059 |
| Highest Balance | $0 |
| Terms | 1 Months |
| On Record Until | Jun 2024 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | — | — | — | — | — | — | — | — | C | — | — | — |

C    Collection

**Payment history guide**

Collection as of Sep 2022



### Historical Info

| | |
|---|---|
| Original Creditor | MAXWELL APARTMENTS / S2 |



### Contact Info

| | |
|---|---|
| Address | 12170 ABRAMS RD STE 100, DALLAS TX 75243 |
| Phone Number | (214) 341-7788 |





PLAINTIFF'S EXHIBIT D

000002959- DISC
KOZLOWSKI MICHAEL
4412 HULEN CIR W
FORT WORTH, TX 76133-7448

P.O. Box 105518
Atlanta, GA 30348

## CREDIT FILE : September 27, 2022
## Confirmation # 2250573970

Dear KOZLOWSKI MICHAEL:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete.  Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so.  Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

- We request that the reporting company verify the accuracy of the information you disputed;

- We provide them with any relevant information and supporting documentation you provided us with the  dispute to consider as part of the investigation; and

- We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

**What should I do if I do not agree with the results of the investigation?**

You have a few options:

- You may add a statement of up to 100 words (200 words for Maine residents) to your credit report.  If you provide a consumer statement that contains

(Continued On Next Page)
000002959-DISC

2250573970-EMB-0b0b0103000001a1-09272022

**What else should I know?**

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://help.equifax.com/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

**How should I read my dispute results?**

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states **"Deleted"**, we have removed it from your credit report and taken steps so it does not reappear.
- If an item states **"Verified as Reported"**, the reporting company has certified it is reporting accurately.
- If an item states **"Updated"**, we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: **The information you disputed has been updated.**

Updated disputed account information. Additional account information was also updated: **The information you disputed has been updated as well as other information on this item.**

Disputed information accurate. Updated account information unrelated to the dispute: **The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated.**

Consumer's dispute not specific. Consumer Information verified. Account information updated: **Information on your report has been updated.**

| *The Results Of Our Reinvestigation* |
| --- |

| *Collection Agency Information*        *(This section includes accounts that have been placed for collection with a collection agency.)* |
| --- |

**>>>  We have researched the collection account. Account # - *6397 The results are:**  WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *STATUS DATE *BALANCE DATE.   If you have additional questions about this item please contact: **PROCOLLECT, 12170 Abrams Rd Ste 100, Dallas, TX 75243-4579 Phone: (214) 341-7788**

**PROCOLLECT INC**  *12170 Abrams Rd Ste 100 Dallas TX 752434579 : (214) 341-7788*

| Account Number | | Date Reported | Date Assigned | Creditor Class | Client Name | | Original Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| *6397 | | 09/2022 | 04/2022 | Rental/Leasing | PROCOLLECT INC | | $ 1,059 |
| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account | |

| 09/2022 | Unpaid | 09/2017 | 09/2022 | $ 1,059 | Individual Account |
|---------|--------|---------|---------|---------|--------------------|

Prepared For

## MICHAEL KOZLOWSKI

**Personal & Confidential**

**Date Generated**  Oct 22, 2022

**Report Number**  4119-7302-49

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

**PROCOLLECT,INC**

Account • 574270XXXXXXXXX

The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

Remains

## If the reinvestigation does not resolve your dispute, you have the right to add a statement of up to 100 words to your file disputing the accuracy or completeness of the information.

→ If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

→ You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

| 2017 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |

✔   Current on payments    CLS   Closed

### ✉ Contact Info

Address               ▬▬▬▬▬▬
                      ▬▬▬▬▬▬▬

---

# PROCOLLECT,INC
## Potentially Negative

### 📄 Account Info

| | | | |
|---|---|---|---|
| Account Name | PROCOLLECT,INC | Balance | $1,059 |
| Account Number | 574270XXXXXXXXXX | Balance Updated | 10/01/2022 |
| Account Type | Collection | Recent Payment | $0 |
| Responsibility | Individual | Monthly Payment | $0 |
| Date Opened | 04/25/2022 | Original Balance | $1,059 |
| Status | Collection account. | Highest Balance | $0 |
| Status Updated | Apr 2022 | Terms | 1 Months |
| | | On Record Until | Jun 2024 |

### 💲 Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | — | — | — | — | — | — | — | — | — | C | — | — |

C   Collection

**Payment history guide**

Collection as of Oct 2022, Sep 2022

### 📄 Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| **Sep 2022** | **$1,059** | **$0** | **$0** |

**Additional info**

The original amount of this account was $1,059

## Historical Info

Original Creditor

**MAXWELL APARTMENTS / S2**

## Contact Info

Address

**12170 ABRAMS RD STE 100,
DALLAS TX 75243**

Phone Number

**(214) 341-7788**

## Comment

### Current:

**Account information disputed by consumer (Meets requirement of
the Fair Credit Reporting Act).**

### Previous:

**Account information disputed by consumer (Meets requirement of
the Fair Credit Reporting Act).**

Sep 2022

## Reinvestigation Info

**This item remained unchanged from our processing of your dispute
in Oct 2022.**

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL KOZLOWSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| PROCOLLECT, INC., S2 CAPITAL, LLC, | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., AND EQUIFAX | § | |
| INFORMATION SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANT PROCOLLECT, INC.'S
## CONSENT TO REMOVAL

---

Defendant ProCollect, Inc. hereby consents to the removal of this action from the Tarrant

County Justice Court, Precinct 5 to the United States District Court for the Northern District of

Texas, Fort Worth Division.

Respectfully submitted,


/s/ John W. Bowdich
John W. Bowdich
State Bar No. 00796233
BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 - main
(214) 307-5173 - direct
(214) 307-5137 - fax
jbowdich@bowdichlaw.com

**COUNSEL FOR DEFENDANT
PROCOLLECT, INC.**

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL KOZLOWSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| PROCOLLECT, INC., S2 CAPITAL, LLC, | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., AND EQUIFAX | § | |
| INFORMATION SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS2 CAPITAL, LLC'S
## CONSENT TO REMOVAL

Defendant S2 Capital, LLC hereby consents to the removal of this action from the

Tarrant County Justice Court, Precinct 5 to the United States District Court for the Northern

District of Texas, Fort Worth Division.

Respectfully submitted,

/s/ _____

**COUNSEL FOR DEFENDANT
S2 CAPITAL, LLC**

**DEFENDANT S2 CAPITAL, LLC'S CONSENT TO REMOVAL – Page 1**

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL KOZLOWSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| PROCOLLECT, INC., S2 CAPITAL, LLC, | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., AND EQUIFAX | § | |
| INFORMATION SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S CONSENT TO REMOVAL

---

Defendant Experian Information Solutions, Inc. hereby consents to the removal of this

action from the Tarrant County Justice Court, Precinct 5 to the United States District Court for

the Northern District of Texas, Fort Worth Division.

Respectfully submitted,


/s/ Michael I. Krause
_____
Michael I. Krause
Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626
Mike.krause@experian.com

**COUNSEL FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**